Case 1:22-cv-00009   Document 24   Filed on 05/09/22 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
May 09, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN RAY BENAVIDES, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-9 |
| | § | CRIM. ACTION NO. 2:15-1090-1 |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 25, 2022, Petitioner John Ray Benavides filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

On May 6, 2022, the Government filed a motion in response to the petition. Dkt. No. 12.

After reviewing the file and the relevant case law, the Court recommends that the petition be denied. Benavides's petition is untimely filed and substantively meritless.

### I. Background

#### A. Factual Background

##### 1. Indictment & Conviction

On December 16, 2015, the grand jury sitting in Corpus Christi, Texas, indicted Benavides on six counts of transporting illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), § 1324(a)(1)(A)(v)(II) and § 1324(a)(1)(B)(ii). <u>U.S. v. Benavides</u>, Criminal No. 2:15-1090-1, Dkt. No. 6 (J. Rainey presiding) [hereinafter CR].

On February 16, 2016, Benavides entered into a plea agreement, agreeing to plead guilty to one count of transporting an illegal alien. CR Dkt. No. 15.

On May 16, 2016, Benavides was sentenced to 30 months of incarceration followed by three years of supervised release. CR Dkt. No. 24.

On April 11, 2018, the supervision of Benavides's supervised release was transferred to the Brownsville Division. CR Dkt. No. 26.

### 2. Revocation of Supervised Release

On March 27, 2019, a petition was filed to revoke Benavides's supervised release. CR Dkt. No. 27. The petition noted that Benavides was arrested in July 2018 by the state authorities for the offense of evading arrest, which violated the supervised release term that he does not commit another federal, state, or local crime. Id. The petition also noted that Benavides was again arrested in January 2019 by the state authorities for reckless driving, evading arrest and evading arrest with a vehicle. Id.

On June 20, 2019, the Court held the sentencing hearing on the petition. CR Dkt. No. 52. Benavides pled "true" to the allegations that in January 2019, he evaded arrest and evaded arrest with a vehicle. Id., pp. 2-4. Benavides's counsel requested "that the court run the federal sentence concurrent with the state sentence that he is serving." Id., p. 8. The Court sentenced Benavides to "12 months and one day in the custody of the Bureau of Prisons with a recommended term of supervised release of 12 months." Id., p. 16. The Court noted that Benavides would get credit for the 27 days he had previously spent incarcerated. It further stated that "Certainly, I will rule that the sentence of 12 months and a day run concurrent with any state sentence that is imposed in the future, but I think he'll only get the 27-day credit up — up through today." Id., p. 19. In other words, the Court held that the revoked sentence would run consecutive to any previously announced state sentences, but would not run concurrent to any sentences that had not yet been imposed. On July 3, 2019, the Court issued the written judgment, but it did not mention any concurrent sentencing. CR Dkt. No. 36.

On July 22, 2019, Benavides's counsel filed a motion for judgment nunc pro tunc, asking the Court to issue an amended judgment, reflecting the concurrent sentence. CR Dkt. No. 38.

On July 23, 2019, the Court granted the motion for judgment nunc pro tunc. CR Dkt. No. 39. The Court noted that the judgment did not reflect its oral pronouncement concerning the concurrent nature of the sentence. Id. It ordered that a new judgment be entered which stated that "[t]he sentence shall be served concurrent to any sentence imposed by a state court after June 20, 2019." Id. The next day, an amended judgment was

issued. CR Dkt. No. 40.  There is no evidence in the record that Benavides has been given an additional sentence that had not yet been pronounced at the time of the revocation hearing.

On March 29, 2022, Benavides filed a motion to amend, modify or correct the judgment, arguing that the judgment should reflect that the revoked federal sentence be served concurrent to any state convictions. CR Dkt. No. 49.

On April 1, 2022, the Court denied the motion, stating that the amended judgment "accurately reflects" the sentence that was imposed. CR Dkt. No. 50.

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On January 25, 2022, Benavides filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

Benavides makes three claims: (1) his lawyer was ineffective for failing to object to the Court's sentence; (2) the Court's sentence constitutes plain error; and (3) his due process rights were violated when the Court did not order a pre-sentence investigation. Dkt. No. 1.[1]

On January 26, 2022, the Court ordered the Government to file a response to the petition. Dkt. No. 6.

On May 6, 2022, the Government timely filed a response to the petition, arguing that it is time-barred and substantively meritless. Dkt. No. 12.

**II. Applicable Law**

    **A. Section 2255**

Benavides seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the

---

[1] To whatever extent Benavides is claiming that the Bureau of Prisons has incorrectly calculated his sentence, such a claim must be brought in a § 2241 proceeding. Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1999).  Such a claim must be brought in the court with jurisdiction over where Benavides is incarcerated – in this case, Pollock, Louisiana – rather than the court that issued the sentence. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

> United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

**B. Timeliness**

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a one-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principal application of equitable tolling occurs where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403.

**C. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v.

Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and (2) that the deficient performance prejudiced the defendant. Grammas, 376 F.3d at 436.

To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Benavides's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Benavides's claim.

**A. Timeliness**

Benavides's § 2255 motion is untimely filed and should be dismissed.

The original judgment of conviction was entered on July 3, 2019. CR Dkt. No. 36. The amended judgment of conviction was issued on July 24, 2020. CR Dkt. No. 40. The Fifth Circuit has held that the issuance of an amended judgment does not restart the clock for the § 2255 statutory limitations period. U.S. v. Jones, 796 F.3d 483, 486 (5th Cir. 2015). However, even if the Court were to give Benavides the benefit of the doubt and allow the

issuance of the amended judgment restart the clock, his petition would still be untimely filed.

Benavides had 14 days to file a direct appeal of the amended judgment. FED. R. APP. P. 4(b)(1)(A)(I). His conviction became final when that deadline passed and no appeal was filed, on August 7, 2020. Clay v. U.S., 537 U.S. 522, 524, 527 (2003).

The statutory deadline began to run when Benavides's conviction became final. As relevant here, the one-year deadline to file the instant petition runs from the later of: (1) the date that the conviction becomes final; or (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

Benavides's claim is clearly untimely under the former deadline. He had until August 9, 2021[2], to timely file his petition under § 2255(f)(1). He did not file until January 25, 2022, over four months later.

The latter deadline is inapplicable to this case because the factual predicate for his claims were available to Benavides when the written judgment was released.

He may not have fully understood the implications of the written judgment until he entered federal custody, but the limitations period is not based on when Benavides understood the import of the factual predicate, or even when Benavides had possession of the judgment. See Saenz v. U.S., 2013 WL 12404976, at *3 (S.D. Tex. Feb. 22, 2013) ("Section 2255(f)(4) refers to the discovery of the factual predicate of the claim, not the discovery of the legal theory or the legal significance of the facts"); Osborne v. Hall, 934 F.3d 428, 432 (5th Cir. 2019) (one-year clock begins running on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim.").

---

[2] Normally, the deadline would have been August 7, 2021, but that date fell on a Saturday. Accordingly, the following Monday – August 9 – became the new deadline. FED. R. CIV. P. 6(a)(1)(C).

Accordingly, Benavides should have been aware of the factual predicate — with due diligence — on June 20, 2019, when he was sentenced. CR Dkt. No. 36. His petition is not timely under § 2255(f)(4).

Furthermore, there is no basis in the record for equitable tolling. Benavides claims that because he was trying to have the Bureau of Prisons correct his sentence, he was acting diligently and was prevented by forces from outside of his control from timely filing his petition.

Even if the Court assumes that Benavides was diligently communicating with the Bureau of Prisons, Benavides has not shown that he was prevented in any way from also filing a petition during that period. He could have filed the § 2255 petition while he was also communicating with the Bureau of Prisons; he was not required to exhaust any administrative remedies prior to filing his § 2255 petition. See U.S. v. Willis, 273 F.3d 592, 596 (5th Cir. 2001) ("§ 2255 does not include a statutorily imposed exhaustion of remedies requirement").

In short, Benavides has not demonstrated reasonable diligence in timely filing his petition; for this reason, the Court does not need to reach the question of whether "rare and exceptional" circumstances are present. U.S. v. Perkins, 481 F. App'x 114, 119 (5th Cir. 2012). Equitable tolling is not warranted in this case.

Accordingly, Benavides's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

### B. Ineffective Assistance of Counsel

Benavides claims his lawyer was ineffective for failing to object to the Court's pronouncement of sentence. This claim is meritless.

As an initial matter, his attorney specifically requested that the sentence be served concurrent to any state sentences. The Court rejected the request, making it clear that the sentence would be consecutive to any sentences that Benavides was already serving, but concurrent to any sentences that had yet to be imposed. Benavides asserts that this ruling "made no sense," because he had no other state cases pending, rendering the concurrent sentence meaningless. Dkt. No. 1, p. 4. Benavides's confusion is not a source of concern;

7

instead what Benavides thought was not what was meant by Judge Rodriguez. At sentencing, Judge Rodriguez was clear that Benavides's revoked sentence would be served consecutively to any state sentence that Benavides was already serving, but concurrently with any state sentence that yet to be announced. Benavides had no further pending criminal cases, so the concurrent sentence was unlikely to benefit him.

In order to show that counsel was ineffective for failing to object, "the objection must have merit." Ries v. Quarterman, 522 F.3d 517, 530 (5th Cir. 2008). An objection that Benavides was unlikely to benefit from the concurrent sentence is not meritorious. Obviously, a defendant does not have a right to a sentencing pronouncement that benefits him. The Court decided that Benavides would serve a consecutive sentence to the state sentences for the underlying criminal conduct that led to the revocation, but a concurrent sentence to any unrelated state sentences. Indeed, the Sentencing Commission recommends consecutive sentences in this scenario. U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, intro. comment. (2018) ("It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation.").

The fact that there were no unrelated state sentences does not make the sentence incorrect as a matter of law. Any objection would not have been meritorious. As noted, this claim should be denied.

**C. Plain Error**

Benavides claims that his sentence was so erroneous that it constituted plain error. This claim is also meritless.

As was discussed in the prior section, the Sentencing Commission recommends that the sentence for a revoked term of supervised release be served consecutive to any sentence imposed for the criminal conduct that is the basis for the revocation. U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, intro. comment. (2018). Indeed, such a sentence is not plain error and does not constitute a grave injustice. U.S. v. Flores, 862 F.3d 486, 489 (5th Cir. 2017). This claim should be denied.

### D. Due Process

Benavides claims that his due process rights were violated when the Court did not order a presentence report. This claim is meritless.

Benavides has not shown that he has the right to have a presentence report prepared for the revocation of a term of supervised release. The Court has found no such right in the statutes or the case law. This claim is meritless.

## IV. Recommendation

It is recommended that the Petitioner John Ray Benavides's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed, or alternatively, denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Benavides's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Benavides's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on May 9, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge